IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORPORATE COMMONWEALTH OF PA, et al.<br>*Plaintiffs,*<br><br>v.<br><br>PAUL MOODY,<br>*Defendant.* | CIVIL ACTION<br>NO. 22-237 |

**PAPPERT, J.**                                                                    **February 16, 2022**

**<u>MEMORANDUM</u>**

Paul Moody filed a pro se Notice of Removal seeking to remove state criminal cases in which he is the defendant from the Delaware County Court of Common Pleas to this Court.[1] (ECF 1). Liberally construed, his pleading is a hybrid that also seeks to assert claims for violations of his civil rights under 42 U.S.C. § 1983. The Court will remand Moody's criminal cases back to state court and dismiss his Section 1983 claims.

I

Moody contends he has been denied certain rights under the Constitution because, among other things, those involved in state court proceedings against him "have refused to render Any [sic] substantial proof or evidence including the patrol cars and body cams worn by the Policy Enforcers that violated [his] rights . . . ." (Notice of Removal, ECF at 2 (ECF p. 3).) He maintains their "machinations and violations, falsities and malevolence ha[ve] manifested a veritable lynching of the falsely accused" – ostensibly Moody. (*Id.*) His lengthy filing attaches documents with three

---

[1] In the caption of Moody's filing, he identifies himself as the Plaintiff and the Defendants as Corporate Commonwealth of Pennsylvania, Dominic F. Pileggi and Jack F. Stollsteimer. (ECF 1 at ECF p. 2.) However, in the body of his filing, he refers to himself as the Defendant. (*Id.*)

Pennsylvania state court docket numbers:  CP-23-CR-0003321-2021; CP-23-MD-1580-2021; and MJ-32237-CR-000204-2021.  He appears to claim his filing divests the Delaware County courts of jurisdiction over those proceedings and asserts that "there will be no more hearings, orders or any other proceedings held, made, or done within this state cause [sic] until, and unless, further notice or order is first made by" this Court.  (*Id.* at 3 (ECF p. 4).)

## II

### A

Because Moody seeks to remove his state criminal cases to federal court, the Court must examine his Notice of Removal and determine whether they can properly be removed.  28 U.S.C. § 1455(b)(4).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  *Id.*  Statutory procedures for removing state cases to federal court "are to be strictly construed."  *Syngenta Crop Protection, Inc. v. Henson.*, 537 U.S. 28, 32 (2002).

28 U.S.C. § 1455(b)(1) requires a notice of removal to be filed "not later than 30 days after the arraignment in the State Court, or at any time before trial, whichever is earlier," unless the defendant shows good cause for failing to file within the allotted time.  28 U.S.C. § 1455(b)(1).  According to the docket for MJ-32237-CR-0000204-2021, that case was transferred to the Delaware County Court of Common Pleas on August 11, 2021, with a formal arraignment scheduled for September 1, 2021.[2]  Moody was

---

[2] "Because the criminal docket is a matter of public record, the Court may take judicial notice of the docket sheet[s] in the underlying case[s]." *Freeman v. Green*, Civ. A. No. 20- 400, 2020 WL 673297, at *1 n.4 (E.D. Pa. Feb. 11, 2020).

arraigned in the Court of Common Pleas in CP-23-CR-003321-2021 on September 1, 2021 and a trial is scheduled for March 21, 2022. (*See* ECF 1 at ECF p. 8.) The Miscellaneous Docket for CP-23-MD-0001580-2021 states that it is related to CP-23-CR-003321-2021, the case in which Moody was arraigned. Because Moody filed his notice of removal on January 14, 2022, more than thirty days after September 1, 2021, it is not timely under 28 U.S.C. § 1455(b)(1).

B

Remand would be appropriate even if Moody's notice of removal was timely. Federal courts ordinarily leave the prosecution of state criminal matters to state courts and generally will not enjoin or otherwise interfere with state prosecutions absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). Removal of a defendant's state criminal case to federal court is appropriate only in narrow, statutorily defined contexts. *See* 28 U.S.C. §§ 1442[3] (federal officers or agencies sued or prosecuted), 1443 (civil rights cases).

28 U.S.C. § 1443(1)[4] allows a criminal defendant to remove his state case to federal court if (1) "the right allegedly denied . . . arises under a federal law providing for specific civil rights stated in terms of racial equality"; and (2) the "specified federal rights" are denied or cannot be enforced "in the courts of [the] State." *Johnson v.*

---

[3] Section 1442 does not apply because Moody is not a federal officer.

[4] Section 1443(2) "applies only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights; and state officers who refuse to do an act on the ground that it would be inconsistent with civil rights laws." *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 689 (3d Cir. 2016) (citations and internal quotations omitted). Moody does not fall within its reach.

3

*Mississippi*, 421 U.S. 213, 219 (1975) (citation and internal quotation omitted). Removal is not warranted when it is based "solely" on allegations that a defendant's "arrest and prosecution otherwise denied them their constitutional rights." *Id.* at 222. A claim that a state prosecution is "a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)" and will not allow a defendant to remove his case to federal court. *Id.* at 219. Moody's allegations do not show he has been denied a specific federal right designed to promote racial equality or that the Pennsylvania courts will not afford him the full protections of any such right.

### III

Moody also seeks to enjoin the pending state criminal proceeding against him (ECF 1 at ECF p. 4) by asserting claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[5] (*See* Designation Form, ECF 1, at ECF p. 1.) Dismissal of his Section 1983 claims is appropriate because they present a "classic case for *Younger* abstention." *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010). Moody's ongoing state criminal proceedings implicate the important state interest in prosecuting criminal behavior and those proceedings provide him with an opportunity to raise federal constitutional defenses to his prosecution.[6] *Jaffery v. Atl. Cnty.*

---

[5] A Notice of Removal is not the appropriate mechanism for these claims, but, because Moody is a self-represented, the Court liberally construes this aspect of his filing as a complaint. *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

[6] Non-merits-based dismissals, such as a dismissal pursuant to *Younger* are "by definition without prejudice." *Eldakroury v. Att'y Gen. of N.J.*, 601 F. App'x 156, 158 (3d Cir. 2015) (per curiam). If Moody successfully defends himself in the state prosecution, he may then seek to assert any claims that are justiciable and ripe.

On the facts presently alleged, Moody cannot state a Section 1983 claim against the Commonwealth of Pennsylvania because Pennsylvania has not waived its Eleventh Amendment immunity from suit in federal court and Congress did not abrogate Pennsylvania's sovereign

*Prosecutor's Off.*, 695 F. App'x 38, 40-41 (3d Cir. 2017) (citing *Younger*, 401 U.S. at 51-52).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

immunity when it enacted Section 1883. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Quern v. Jordan*, 440 U.S. 332 (1979); *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020); 42 Pa. Stat. and Cons. Stat. Ann. § 8521(b). Judge Dominic Pileggi, the judge assigned to CP-23-CR-0003321-2021 is immune from liability under Section 1983 because Moody has not alleged facts to show he acted "'in in the clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 456-57 (1978); *see also Capogrosso v. The Supreme Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009). In addition, Delaware County District Attorney Jack Stollsteimer has absolute prosecutorial immunity because Moody has not shown Stollsteimer did anything other than initiate Moody's prosecution or "present[ ] the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008).